## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

       vs.                                          CR No. 14-078-ML

JUAN ESPEJO SANCHEZ

### MEMORANDUM AND ORDER

Before the Court is a Motion for Minimal Role Adjustment and Sentence Reduction Based on United States v. Quintero-Leyva and Pursuant to Amendment 794 and 28 U.S.C. § 2255 (Doc. #22) ("Motion for Minimal Role Adjustment") filed by Petitioner Juan Espejo Sanchez ("Espejo Sanchez").[1]  The Government filed an objection (Doc. #25) ("Objection") and memorandum in support thereof (Doc. #25-1) ("Gov't Mem."), to which  Espejo Sanchez filed an initial response (Doc. #26) ("First Response to Objection") and a second response (Doc. #27) ("Second Response to Objection").  No hearing is necessary.

### FACTUAL BACKGROUND AND TRAVEL

On June 9, 2014, Espejo Sanchez pled guilty to one count of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  He was sentenced to 72 months incarceration, followed by supervised release for ten years.  Judgment entered on June 16, 2014.  Pursuant to the Plea Agreement (Doc. #2), Espejo Sanchez did not file a direct appeal.

Espejo Sanchez subsequently filed a Motion to Set Aside and Vacate Sentence Pursuant to

---

[1] The Motion for Minimal Role Adjustment, received by the Court on October 14, 2016, was mailed on October 10, 2016, and is deemed filed on that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

2255 or in the Alternative Federal Rules of Criminal Procedure 60(b)(1)-(6) (Doc. #8) ("Motion to Vacate") and supplement thereto (Doc. #13) ("Supplemental Motion to Vacate").  The Motion to Vacate, as supplemented, was denied by the Court on January 24, 2017.

Approximately two years after filing the Motion to Vacate, Espejo Sanchez filed the instant Motion for Minimal Role Adjustment.[2]

## DISCUSSION

Espejo Sanchez "asserts eligibility under §3B1.2's amendment 794 as being substantially less culpable than the average participant in the criminal activity."  Motion for Minimal Role Adjustment at 7.  The Government objects on the basis that: (1) the Motion for Minimal Role Adjustment is untimely, Gov't Mem. at 2; (2) the Court of Appeals for the First Circuit "has indicated that § 2255 is not an appropriate vehicle for reopening a sentence in every circumstance where a defendant merely claims that his guidelines sentencing range should have been calculated differently," id. (citing Cuevas v. United States, 778 F.3d 267, 276 (1st Cir. 2015)); and (3) even if timely and cognizable, the claim fails on the merits, id. at 3.  The Court need not address the Government's second and third arguments, as the first is dispositive of the matter.

I.     Section 2255 and AEDPA

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited.  A court may grant such relief only if it finds a lack of jurisdiction, a constitutional error, or a fundamental error of law.  See United States v. Addonizio, 442 U.S. 178, 185 (1979)("[A]n error of law does not

---

[2] On October 18, 2016, counsel was appointed to represent Espejo Sanchez with respect to the Motion for Minimal Role Adjustment.  (Doc. #23).  However, counsel has not filed anything on Espejo Sanchez's behalf, and Espejo Sanchez filed his First Response and Second Response to Objection pro se. See Docket.  Espejo Sanchez represents that he has communicated with counsel by telephone, but that counsel stated that "he has nothing else to inquire regarding the defendant['s] petition for minimal role reduction under Amendment 794."  Second Response to Objection at 1.

provide a basis for collateral attack unless the claimed error constituted a fundamental defect which

inherently results in a complete  miscarriage of justice.")(internal quotation marks omitted).

Section 2255 states that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

which "imposed significant new constraints on proceedings under section 2255." Trenkler v. United

States, 536 F.3d 85, 96 (1st Cir. 2008)(footnote omitted).  "Some of these constraints were temporal;

for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition."

Id. (citing 28 U.S.C. § 2255(f)).  Others were numerical, requiring a petitioner to obtain preclearance

from the circuit court before filing a second or successive petition.  Id. (citing 28 U.S. § 2255(h)).

II.     Motion for Minimal Role Adjustment

Section 2255 provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Espejo Sanchez argues that "no relief based on the clarifying amendment was available until the amendment became effective on November 1, 2015."  Motion for Minimal Role Adjustment at 1.  Therefore, he contends, the "motion is timely," id., because it was filed prior to November 1, 2016, id.

Espejo Sanchez relies on the Ninth Circuit's decision in United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 to the commentary to United States Sentencing Guidelines ("U.S.S.G.") §3B1.2(b) "applie[d] retroactively in direct appeals."  Id. at 521; see also id. at 523, 524 (same).  According to Espejo Sanchez, the Quintero-Leyva court held that Amendment 794 was a "clarifying amendment" which "automatically makes the amendment retroactive."  First Response to Objection at 2.

Section 3B1.2(b) provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a)   If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.

(b)   If the defendant was a minor participant in any criminal activity, decrease by **2** levels.

In cases falling between (a) and (b), decrease by **3** levels.

U.S.S.G. §3B1.2(b).  Application Note 3(A), as amended, states that "[t]his section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity."  U.S.S.G. §3B1.2, cmt. (n.3(A)).  A "minimal participant" is a defendant "who [is] plainly among the least culpable of

-4-

those involved in the conduct of a group." Id. (n.4).  A "minor participant" "is less culpable than

most other participants in the criminal activity, but whose role could not be described as minimal."

Id. (n.5).  The Commentary to §3B1.2 further states that "[t]he determination whether to apply

subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the

circumstances and involves a determination that is heavily dependent upon the facts of the particular

case." Id. (n.3(C)).  Among other changes in wording, Amendment 794 added the phrase "in the

criminal activity" to notes 3(A) and 5.  Id. (n.3(A)); id. (n.5).  In addition, the amendment added a

non-exhaustive list of factors for the court to consider in determining whether to apply subsection

(a) or (b) of §3B1.2, or an intermediate adjustment in a defendant's offense level.  Id. (n.3(C)).

Espejo Sanchez's reliance on Quintero-Leyva is misplaced.  As noted above, Quintero-Leyva

was a direct appeal, and the court's holding was specifically limited to direct appeals.  823 F.3d at

521.  Espejo Sanchez's case is before this Court on collateral review, not direct appeal.  Courts have

held that Amendment 794 is not retroactively applicable to cases on collateral review.  See, e.g.,

Lindsey v. United States, Civil Case No. 16-cv-878-JPG, 2016 WL 283384, at *1 (S.D. Ill. Jan. 23,

2017)("Although Amendment 794 has been applied retroactively on direct appeal, it has not been

held retroactive on collateral review."); Germany v. United States, Civil Action No. RDB-16-3704,

2016 WL 6780213, at *1 (D. Md. Nov. 16, 2016)("Because the Amendment was made retroactive

by the Commission (and not the Supreme Court), it applies retroactively only on direct appeal.");

Johnson v. United States, Civ. No. 2:16-cv-528, 2016 WL 6084018, at *2 (S.D. Ohio Oct. 17,

2016)("[Quintero-Leyva] did not hold that such relief is available on collateral review, and other

courts have concluded that it is not.").  Therefore, Quintero-Leyva is inapplicable to the instant

Motion for Minimal Role Adjustment.

Moreover, the policy statement pertaining to reductions in a defendant's term of imprisonment resulting from an amended guideline range lists amendments which are covered by the section. U.S.S.G. §1B1.10(d); see also United States v. Vaughn, 806 F.3d 640, 643 (1st Cir. 2015)("Section 1B1.10 authorizes a sentence reduction only when one of an enumerated list of guideline amendments applies."). Amendment 794 is not one of them. See U.S.S.G. §1B1.10(d); see also Germany, 2016 WL 6780213, at *1 ("Amendment 794 is not among the listed Guideline Amendments that the [Sentencing] Commission has made retroactively applicable to defendants on collateral review."); United States v. Tapia, Case No. 8-14-cr-30-T-23TBM, 2016 WL 4815150, at *1 (M.D. Fla. Sept. 14, 2016)("Because it is not listed in Section 1B1.10(d), Amendment 794 is not applied retroactively on collateral review."). Accordingly, Amendment 794 did not restart the statute of limitations clock, and the fact that Espejo Sanchez filed the instant Motion for Minimal Role Reduction within a year of the amendment's effective date does not render the motion timely. See United States v. Thomas, Criminal Action No. 4:12-cr-00001-3, 2016 WL 6561459, at *1 (W.D. Va. Nov. 3, 2016)(rejecting argument that motion was timely filed because it was filed within a year of effective date of Amendment 794).

Finally, Espejo Sanchez disputes that his conviction is "final." He states that he has an "appeal" in this Court "to vacate, set aside, or correct sentence under 28 U.S.C. §2255."[3] Second Response to Objection at 2. However, a motion pursuant to § 2255 is not a substitute for a direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994)(citing, inter alia, United States v. Frady, 456 U.S. 152, 165 (1982))("The Supreme Court has repeatedly emphasized that § 2255 is not a substitute for direct appeal."). As previously noted, Espejo Sanchez did not file a direct appeal

---

[3]As stated above, Espejo Sanchez's motion to vacate was denied on January 24, 2017.

in this case, <u>see</u> Docket; <u>see also</u> Plea Agreement at 6, and his conviction became final when the time

for doing so expired, <u>see</u> Fed. R. App. P. 4(b)(1)(A) (requiring that a defendant's appeal in a criminal

case be filed within fourteen days after entry of the judgment or order being appealed); <u>see also</u>

<u>United States v. Gonzalez-Rodriguez</u>, 777 F.3d 37, 40 (1st Cir. 2015)(quoting rule). Therefore,

Espejo Sanchez's conviction became final in June of 2014, and the current Motion for Minimal Role

Adjustment is time-barred.

CONCLUSION

For the foregoing reasons, the Motion for Minimal Role Reduction is DISMISSED with

prejudice as time-barred.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States

District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the

issuance of a certificate of appealability ("COA") because Espejo Sanchez has failed to make a

substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C.

§2253(c)(2).

Espejo Sanchez is advised that any motion to reconsider this ruling will not extend the time

to file a notice of appeal in this matter.  <u>See</u>  § 2255 Rule 11(a).

SO  ORDERED:


/s/ Mary M. Lisi
Mary M. Lisi
Senior United States District Judge

Date: January 26, 2017

-7-